## Commonwealth v. Hayes

*Joseph S. Walko*, for Commonwealth.

Sohn, J., April 29, 1963.—At the above number and term, on a plea of guilty, sentence was suspended and

defendant was placed on probation for three years on condition that he be of good behavior. The charge was burglary, larceny and receiving stolen goods. On March 25, 1959, defendant entered a plea of guilty to another indictment charging burglary, larceny and receiving stolen goods. The court thereupon revoked the order of probation entered at no. 40, December sessions, 1957, and defendant was committed to the Pennsylvania Industrial School for Boys at Camp Hill.

Before us at this time is a petition addressed to the court of common pleas. We now direct that the petition be filed in the court of oyer and terminer.

The prayer of the petition is that the court direct the clerk of courts to send to petitioner:

"1. Bills of Indictment.

"2. Bills of Information.

"3. Docket Entry.

"4. Warrant of Arrest.

"5. Notes of Testimony."

The Act of May 1, 1907, P. L. 135, as amended by the Act of January 8, 1960, P. L. (1959) 2116, 17 PS §1802 provides:

"The law judges of each of the several courts of oyer and terminer and general jail delivery, and of the courts of quarter sessions of the peace, shall employ the official stenographer or stenographers of the courts of common pleas of the particular county, to report the proceedings of the said court, whenever requested so to do by any defendant or defendants, or his, her or their counsel, before or during the trial of any case in any of said courts: Provided, further, That in all cases tried in the several courts of oyer and terminer and general jail delivery, if the request or requests for a copy of the notes of testimony are made within ninety (90) days from date of verdict, or at any time if in

the discretion of the court such request should be granted, the defendant or defendants shall be furnished with a copy of the notes of testimony taken at his, her or their request, which said notes shall be paid for by the county in which said case is tried, except, however, that where the court finds that the defendant or defendants making the request are able to pay for the copies, the cost thereof shall be paid by such defendant or defendants and shall be taxed as costs and paid to the county."

This case was before the court four years ago. The statute indicates that unless the request is made within 90 days from the date of the verdict, whether or not the request shall be granted is within the discretion of the court.

Only the request for notes of testimony is referred to in the statute. There was no trial. A plea of guilty was entered. The statute refers to 90 days from the date of *verdict*. We conclude that the statute refers to notes of testimony at a trial, not on a plea of guilty: Commonwealth v. Sarlouis, 21 D. & C. 2d 253.

Defendant alleges no reason to support his request. Four years have elapsed since the case was before the court. Exercising the discretion vested in the court and because there are no notes of testimony, the prayer of the petition as to notes of testimony will be denied. As to the first four items referred to in the petition, no reference is made thereto in the statute. However, petitioner or anyone on his behalf may secure from the clerk of courts certified copies thereof upon payment of the costs of preparing and certifying such items.

### Order

And not, to wit, April 29, 1963, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the prayer of the petition be, and it is hereby denied.